UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

GERARDO FERNANDEZ and
KORNPHAT HILDEBRANT,

      Plaintiffs,

v.

THAI ISLAND RESTAURANT, LLC, a
Florida limited liability company, and PHEN
P. FUTTERMAN,

      Defendants.
_____/

**JURY TRIAL DEMANDED**

**JURY TRIAL DEMANDED**

GERARDO FERNANDEZ ("FERNANDEZ"), and KORNPHAT HILDEBRANT, ("HILDEBRANT") by and through their undersigned attorney, files this, their Complaint for Damages against Defendants, THAI ISLAND RESTAURANT, LLC, a Florida limited liability company (hereinafter, "THAI ISLAND"), and PHEN P. FUTTERMAN (hereinafter "FUTTERMAN"), and state as follows:

**INTRODUCTION**

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, THAI

ISLAND regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants, THAI ISLAND and FUTTERMAN operated a restaurant. Plaintiffs' work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. This included food, drink and restaurant supplies that were manufactured outside the State of Florida.

4. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendants are subject to the jurisdiction of this Court because it engages in substantial and not isolated activity within the Southern District of Florida.

6. The Defendants are is also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

7. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

   b. Defendants are and continues to be a corporation and an individual doing business within this judicial district.

## **PARTIES**

8. At all times material hereto, Plaintiffs, FERNANDEZ and HILDEBRANT were "employee[s]" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, corporate Defendant, THAI ISLAND, was conducting business in Key West, Monroe County, Florida with its principal location in that city.

10. At all times material hereto, Defendants, THAI ISLAND and FUTTERMAN were the employers of Plaintiffs, FERNANDEZ and HILDEBRANT.

11. At all times material hereto, Defendants, THAI ISLAND and FUTTERMAN were and continue to be an "employer[s]" within the meaning of the FLSA.

12. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiffs, FERNANDEZ and HILDEBRANT their lawfully earned wages in conformance with the FLSA.

13. Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

14. At all times material hereto, corporate Defendant, THAI ISLAND operated an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiffs, FERNANDEZ and HILDEBRANT was directly essential to the business performed by Defendants.

16. Plaintiffs, FERNANDEZ and HILDEBRANT have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. In or about 2012, Plaintiff, FERNANDEZ was hired by the Defendants as a line cook at the Defendants' restaurant.  His employment ended on about the end of January 2020.

18. Plaintiff, FERNANDEZ was paid a daily rate of $160.00 per day, which was increased to $170.00 per day in or about October 2019.

19. Plaintiff, FERNANDEZ was not paid time-and-one-half his regular hourly rate of pay for all his hours in excess of forty in each week.

20. In or about 2014, Plaintiff, HILDEBRANT was hired by the Defendants as a line cook at the Defendants' restaurant.  Her employment ended in about March 2019.

21. Plaintiff, HILDEBRANT was paid a daily rate of $150.00 per day.

22. Plaintiff, HILDEBRANT was not paid time-and-one-half her regular hourly rate of pay for all her hours in excess of forty in each week.

23. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiffs.

24. Defendant, FUTTERMAN was a supervisor and/or managers/owner who was involved in the day-to-day operations of the Defendant company and/or was directly responsible for the supervision of Plaintiffs, FERNANDEZ and HILDEBRANT.  Therefore, he is personally liable for the FLSA violations.

25. Defendant, FUTTERMAN was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiffs, FERNANDEZ and HILDEBRANT.

26. Plaintiffs have retained Bober & Bober, P.A. to represent them in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

27. Plaintiffs, FERNANDEZ and HILDEBRANT repeat and reallege Paragraphs 1 through 26 as if fully set forth herein. Plaintiffs, FERNANDEZ and HILDEBRANT's employment with the Defendants was to consist of a normal work week for which they should have received time and one-half for their hours worked in excess of the maximum hours provided for in the FLSA.

28. During Plaintiffs' employment, Plaintiffs worked hours in excess of forty (40) per week for which they were not compensated at the statutory rate of time and one-half for all of their hours. Plaintiffs, FERNANDEZ and HILDEBRANT were entitled to be paid at the rate of time and one-half for all their hours worked in excess of the maximum hours provided for in the FLSA.

29. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendants. Plaintiffs, FERNANDEZ and HILDEBRANT intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, they will then seek leave of Court to amend their Complaint for Damages to set forth the precise amount due.

30. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs, FERNANDEZ and HILDEBRANT at the statutory rate of time and one-half for all the hours they worked in excess of forty (40) hours per week when they knew or should have known such was due.

31. Defendants failed to properly disclose or apprise Plaintiffs, FERNANDEZ and HILDEBRANT of their rights under the FLSA.

32. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs, FERNANDEZ and HILDEBRANT are entitled to liquidated damages pursuant to the FLSA.

33. Due to the willful and unlawful actions of the Defendants, Plaintiffs, FERNANDEZ and HILDEBRANT have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

34. Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs, FERNANDEZ and HILDEBRANT respectfully request that judgment be entered in their favor against the Defendants:

   a. Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

   b. Awarding Plaintiffs overtime compensation in the amount calculated;

   c. Awarding Plaintiffs liquidated damages in the amount calculated;

   d. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

   e. Awarding Plaintiffs post-judgment interest; and

   f. Ordering any other and further relief this Court deems to be just and proper.

## **JURY DEMAND**

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

DATED:   July 2, 2020.

                                         Respectfully submitted,

                                         BOBER & BOBER, P.A.
                                         Attorneys for Plaintiffs
                                         2699 Stirling Road, Suite A-304
                                         Hollywood, FL 33312
                                         Phone: (954) 922-2298
                                         Fax: (954) 922-5455
                                         peter@boberlaw.com
                                         samara@boberlaw.com

                                 By: s/. Peter Bober
                                         PETER BOBER
                                         FBN:  0122955
                                         SAMARA BOBER
                                         FBN: 0156248