UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 4:20-cv-10069-JLK

GERARDO FERNANDEZ and
KORNPHAT HILDEBRANT,

        Plaintiffs,
v.

THAI ISLAND RESTAURANT, LLC, a
Florida limited liability company and PHEN
P. FUTTERMAN,

        Defendants.
_____/

## ORDER DENYING MOTION FOR SANCTIONS

THIS MATTER comes before the Court upon Plaintiffs GERARDO FERNANDEZ and KORNPHAT HILDEBRANT's Motion for Sanctions (the "Motion") (DE 28), filed January 27, 2021. Defendants have not responded and the time to do so has passed.

On July 2, 2020, Plaintiffs filed their Complaint alleging a violation of the Fair Labor Standards Act ("FLSA") for unpaid overtime wage compensation. *See* Compl, DE1. On August 27, 2020, Defendants filed their Answer responding to each allegation in the Complaint. *See* DE 11. In their Motion for Sanctions, Plaintiffs argue that Defendants' denial of six allegations in the Complaint are frivolous because ". . . Defendants' *own* records from the U.S. Department of Labor ("DOL") records, and [Defendants'] own discovery responses show some liability. . . ." Mot. at 2. Specifically, Plaintiffs argue that the following Defendants' denials are frivolous:

Defendants' denial that "[a]t all times material hereto, Defendants, THAI ISLAND and FUTTERMAN were the employers of Plaintiffs, FERNANDEZ and HILDEBRANT." Compl. ¶ 10. Defendants' denial implicitly states that Defendants were not employers of Plaintiffs, thus creating an issue of fact to be raised at summary judgment or trial.

Defendants' denial that "[a]t all times material hereto, Defendants, THAI ISLAND and FUTTERMAN were and continue to be an "employer[s]" within the meaning of the FLSA." Compl. ¶ 11. Defendants' denial implicitly states that Defendants are not employers within the meaning of the FLSA, thus creating an issue of fact to be raised at summary judgment or trial.

Defendants' denial that "Plaintiff, FERNANDEZ was not paid time-and-one-half his regular hourly rate of pay for all his hours in excess of forty in each week." Compl. ¶ 19. Defendants' denial implicitly states that Defendants did pay Plaintiff Fernandez time-and-one-half his regular hourly rate of pay for all his hours in excess of forty in each week, thus creating an issue of fact to be raised at summary judgment or trial.

Defendants' denial that "Plaintiff, HILDEBRANT was not paid time-and-one-half her regular hourly rate of pay for all her hours in excess of forty in each week." Compl. ¶ 22. Defendants' denial implicitly states that Defendants did pay Plaintiff Hildebrant time-and-one-half his regular hourly rate of pay for all his hours in excess of forty in each week, thus creating an issue of fact to be raised at summary judgment or trial.

Defendants' denial that "Defendant, FUTTERMAN was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiffs, FERNANDEZ and HILDEBRANT." Compl. ¶ 25. Defendants' denial implicitly states that Defendant Futterman was not directly involved in decisions affecting employee compensation, thus creating an issue of fact to be raised at summary judgment or trial.

Defendants' denial that "[d]uring Plaintiffs' employment, Plaintiffs worked hours in excess of forty (40) per week for which they were not compensated at the statutory rate of time and one-half for all of their hours.  Plaintiffs, FERNANDEZ and HILDEBRANT were entitled to be paid at the rate of time and one-half for all their hours worked in excess of the maximum

hours provided for in the FLSA." Compl. ¶ 28. Defendants' denial implicitly states that Plaintiffs did not work in excess of forty (40) hours per week and were compensated, thus creating an issue of fact to be raised at summary judgment or trial. Additionally, the fact that Plaintiffs believe they have overwhelming proof is a matter for consideration at summary judgment or trial.

In the instant Motion for Sanctions, Plaintiffs seek to be reimbursed for attorneys' fees and costs, and for the Court to impose monetary sanctions against both the Defendants and their counsel. Mot. at 10. The Court finds, after careful consideration, that Plaintiffs' Motion for Sanctions is premature as Defendants' Answer raises issues to be resolved at summary judgment or trial.

Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that Plaintiffs' Motion for Sanctions **(DE 28)** be, and the same is, hereby **DENIED.**

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 3rd day of May, 2021.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**cc:** All counsel of record